**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ORSINO IACOVONE,** : | |
| : | Case No. 2:03-CV-652 |
| **Plaintiff,** : | |
| : | |
| v. : | **JUDGE GEORGE C. SMITH** |
| : | |
| : | |
| **REGINALD A. WILKINSON,** *et al.*, : | Magistrate Judge Norah McCann King |
| : | |
| **Defendants.** : | |

**OPINION AND ORDER**

On December 2, 2005, the magistrate judge issued a *Report and Recommendation* in which she recommended that *Defendants' Motion to Dismiss*, Doc. No. 48, be granted in part and denied in part.  Doc. No. 60.  Specifically, the magistrate judge recommended dismissing plaintiff's first and second claims for relief as untimely and recommended denying dismissal of the *Complaint* in its entirety because it contained only claims that had been administratively exhausted.

Both sides have filed objections to the *Report and Recommendation*.  *Defendants' Objections*, Doc. No. 61; *Plaintiff's Objections*, Doc. No. 64.  In *Defendants' Objections*, defendants raise no argument that was not already presented to Magistrate Judge King in *Defendants' Motion to Dismiss*.  Plaintiff, however, raises arguments related to the statute of limitations that were not raised before the magistrate judge.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*.  For the reasons that follow, *Defendants' Motion to Dismiss,* Doc. No. 48, is **DENIED**, in its entirety.

**I.**

In the original complaint and in *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, plaintiff alleges that his first claim for relief arose on November 8, 2000, when he was allegedly denied due process and the equal protection of the law because certain prison officials refused to acknowledge that he had timely filed a disciplinary appeal. Doc. Nos. 2, 57. The amended complaint does not specifically indicate the date on which this claim allegedly arose. Doc. No. 24.

In the amended complaint, plaintiff alleges that his second claim for relief arose on May 5, 2001. *Plaintiff's First Amended Complaint*, at 5. In that claim, plaintiff alleges that two of the defendants violated his Eighth and Fourteenth Amendment rights by subjecting him to excessive force. *Id.*

Defendants moved to dismiss plaintiff's first and second claims for relief as time barred. *Defendants' Motion to Dismiss*, at 7. Defendants claimed that, because plaintiff filed this action on June 6, 2003, his first cause of action, which arose on November 8, 2000, and his second cause of action, which arose on May 5, 2001, were both barred by the applicable two year statute of limitations. *Id.*

Plaintiff opposed dismissal of his first claim based on the application of the Ohio savings statute, O.R.C. § 2305.19. Plaintiff specifically argued that the statute served to toll the running of the statute of limitations. *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, at 2. Prior to filing the original complaint, on April 8, 2002, plaintiff filed a petition for a writ of mandamus in the Franklin County Court of Appeals, Case Number 02-AP-400 ("*Appellate Case*"). *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, at 2.

In the *Appellate Case*, plaintiff requested that the appellate court order defendant Reginald A. Wilkinson to respond to the disciplinary appeal that is the subject of plaintiff's first claim for relief in the instant action. *Id.* Plaintiff voluntarily dismissed the *Appellate Case* on July 3, 2002. *Exhibit A*, attached to *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*.

Plaintiff opposed dismissal of his second claim based on application of the Ohio tolling statute, O.R.C. § 2305.16, which he argued served to toll the running of the statute of limitations during the time that he was of "unsound mind." *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, at 6-7.

**II.**

In the *Report and Recommendation*, the magistrate judge recommended dismissal of plaintiff's first and second claims for relief because neither the savings statute nor the tolling statute applied to toll the applicable two year statute of limitations. *Report and Recommendation*, at 12-19. This Court agrees with that conclusion. However, in *Plaintiff's Objections*, he argues for the first time that the statute of limitations did not begin to run on the dates that his first and second claims for relief arose, *i.e.*, November 8, 2000, and May 5, 2001, respectively. Instead, plaintiff now contends that the statute of limitations was tolled during the period of time that he was pursuing his administrative remedies; during that period, plaintiff argues, he was legally unable to pursue the claims in this Court. Plaintiff's argument is well-taken.

The United States Court of Appeals for the Sixth Circuit has held that "the statute of limitations which applied to [plaintiff-prisoner's] civil rights action was tolled for the period during which his available state remedies were being exhausted." *Brown v. Morgan*, 209 F.3d

3

595, 596 (6th Cir. 2000) (citing *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (*per curiam*) and *Cooper v. Nielson*, 194 F.3d 1316 (9th Cir. 1999)).

**A.     Plaintiff's First Claim**

Plaintiff's first claim for relief arose on November 8, 2000. *Complaint*, ¶¶ 40 (a)-(ee) and *Exhibit C-1-2*, attached to *Plaintiff's Motion for an Order Directing Defendants to Respond to Plaintiff's Civil Rights Complaint*, Doc. No. 19.[1] Plaintiff now argues that the statute of limitations for this claim is properly tolled until a date that his administrative remedies were exhausted -- although plaintiff does not articulate what that date might be.

Generally, the statute of limitations begins to run when a prisoner receives the final administrative decision from the Chief Inspector.[2] In the instant case, however, plaintiff alleges

---

[1]All exhibits referred to herein are found attached to *Plaintiff's Motion for an Order Directing Defendants to Respond to Plaintiff's Civil Rights Complaint*, Doc. No. 19. As a general rule "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). A certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001). In addition, the United States Court of Appeals for the Sixth Circuit has "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.* Hence, documents outside of the pleadings "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner*, 108 F.3d at 89; *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001). If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *see also Delahunt v. Cytodyne Technologies*, 241 F. Supp.2d 827, 831-32 (S.D. Ohio 2003).

In the instant case, plaintiff's exhibits referred to herein are specifically referred to in plaintiff's complaint and are central to his claims. Thus, the Court will consider them without converting *Defendants' Motion to Dismiss* to one for summary judgment.

[2]The administrative exhaustion procedures available to prisoners in Ohio consist of three steps. *Using the Inmate Grievance Procedure*, attached to *Plaintiff's First Amended Complaint*. First, an inmate must file an informal complaint. *Id.* If that complaint does not result in a

4

that he timely filed his appeal to the Chief Inspector but that he received no response to the appeal.[3] *Complaint*, ¶ 40(t); *Exhibits C-1-7* and *C-1-8*. Instead, plaintiff filed the *Appellate Case*, in which he asked the state court to require the Chief Inspector to respond to his appeal.

In an affidavit prepared by defendants in response to the *Appellate Case*, defendants asserted that they had never received the appeal that plaintiff claimed that he filed. *Exhibit C-1-12*. On July 2, 2002, after plaintiff received the affidavit, he sent to defendants, by certified mail, a letter detailing the appeal and copies of all related documents, including proof of mailing the appeal to the Chief Inspector. *Exhibit C-1-13*.

The following day, July 3, 2002, plaintiff voluntarily dismissed the *Appellate Case*. *Exhibit A*, attached to *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*. On July 25, 2002, plaintiff contacted the prison's Institutional Inspector about the status of the appeal and she informed him that she had forwarded the documents he sent to the prison's legal counsel on July 2, 2002, and that she was still "looking into" his complaint that he had not received a decision from the Chief Inspector. *Exhibit C-1-15*.

Plaintiff, contends, and defendants do not dispute, that as of the date this action was filed, plaintiff had not been contacted by the prison officials as to the status of his appeal. Thus, plaintiff concludes that it was defendants' own failure to act that served to extend the applicable

---

satisfactory decision to the inmate, he can appeal the decision to the Inspector of Institutional Services. *Id.* Finally, if that appeal is found to be without merit, the inmate can appeal the decision to the Chief Inspector. *Id. See also* Ohio Admin. Code §5120-9-31.

[3]The Court, as it must in the context of ruling on a motion to dismiss, takes all plaintiff's well-pleaded facts as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).

two year statute of limitations otherwise applicable to this action. Defendants, however, note that, at one point during his attempts to exhaust his first claim for relief, plaintiff waited for approximately a year to inquire about the status of the appeal. *Defendants' Objections*, at 2. Thus, defendants contend that plaintiff's lack of diligence in pursuing the available administrative remedies should not serve to extend the limitations period. *Id.*

The Court concludes that the statute of limitations was tolled from November 8, 2000 to July 25, 2002, the date plaintiff last attempted to exhaust his administrative remedies. During this time period, plaintiff could not pursue this claim in this Court because he had not exhausted his available administrative remedies. The record is replete with evidence of plaintiff's attempts to exhaust with regard to this claim both before and after his January 2002, inquiry. *Complaint*, ¶¶ 40(a)-(ee).

In addition, the prison's Institutional Inspector informed plaintiff in July 2002, that she was looking into his claim–yet did not contact plaintiff again nor did she ever offer any explanation as to the prison's failure to respond to plaintiff. Prison officials cannot bar a prisoner from achieving full exhaustion of his claims by simply ignoring that prisoner's grievance appeal. *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). That is, administrative remedies are to be considered exhausted when prison officials fail to timely respond to a properly filed grievance. *Id.* The Court concludes that that date is July 25, 2002. Because this claim was first asserted in this Court on July 23, 2003, it is not untimely.

**B.     Plaintiff's Second Claim**

In *Plaintiff's Objections*, he for the first time argues:

>Plaintiff's Count Two arose on May 5, 2001. The Chief Inspector, after filing for additional time on September 12, 2001, did not finalize Plaintiff's Grievance No. 06-01-39 until May 7, 2002, more than one year after Plaintiff started the grievance procedure.

*Plaintiff's Objections*, at 2.

The sequence, timing and fact of plaintiff's exhaustion of the available administrative remedies for this claim are not in dispute. *Complaint*, ¶¶ 41(a)-(gg); *Exhibits C-2-1, C-2-1a, C-2-2, C-2-3, C-2-4, C-2-4a, C-2-5, C-2-6, C-2-10, C-2-15*. The decision of the Chief Inspector was issued on May 7, 2002. *Complaint*, ¶ 41(l); *Exhibit C-2-11*.

Accordingly, plaintiff's assertion of this claim on July 23, 2003, was not untimely.

### III.

For the reasons set forth above, *Defendants' Motion to Dismiss*, Doc. No. 48, is **DENIED**.

    *s/George C. Smith*
    GEORGE C. SMITH
    UNITED STATES DISTRICT JUDGE