**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ORSINO IACOVONE,** | : | |
| | : | **Case No. 2:03-cv-652** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JUDGE GEORGE C. SMITH** |
| | : | |
| | : | |
| **REGINALD A. WILKINSON, *et al.*,** | : | **Magistrate Judge Norah McCann King** |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

Plaintiff, a state inmate, brings this action under 42 U.S.C. §1983 ("Section 1983") alleging that he has been denied his rights under the Constitution of the United States during the course of his incarceration at the Southern Ohio Correctional Facility ("SOCF") and the Ohio State Penitentiary. This matter is before the Court on *Plaintiff's Second Motion to Compel*. Doc. No. 56. For the reasons that follow, *Plaintiff's Second Motion to Compel* is **DENIED**.

## I. BACKGROUND

On May 24, 2005, plaintiff served upon defendants *Plaintiff's Second Request for Production of Documents and Clarification of Documents Requested in Plaintiff's First Request for Production of Documents* ("*Plaintiff's Second Request for Documents and Clarification*"). On June 20, 2005, counsel for defendants responded:

> I have reviewed your request and it is the same as your initial request for documents that Defendants have already responded to. The second request merely restates selected questions from your first document request and expresses your dissatisfaction with the Defendants responses. . . . By responding to your first document request, Defendants have already responded to your second document request. Defendants will not provide an additional response and rely

on the responses to your first request.

*Exhibit B* attached to *Plaintiff's Second Motion to Compel*.

On July 5, 2005, plaintiff filed *Plaintiff's Second Motion to Compel*, asking for a telephone conference with this Court and defense counsel to resolve these discovery matters and for an order compelling defendants to more sufficiently respond to his first request for production of documents. *Id.* at 2.

Defendants responded by filing *Defendants' Memorandum in Opposition to Plaintiff's Second Motion to Compel* ("*Defendants' Memorandum Contra*"), Doc. No. 58, in which they articulate why they believe plaintiff is entitled to no more discovery than defendants have already provided him.

**II. STANDARD OF REVIEW**

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. The Court is satisfied that the prerequisites to seeking a motion to compel have been met in this case in all but one of plaintiff's requests, which the Court will explain in more detail *infra*.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

In turn, Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.,*186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970).

## III. APPLICATION

### A. Requests 1 and 3 from Plaintiff's First Request for Production of Documents

These two requests relate to claim three of the *Amended Complaint,* in which plaintiff alleges that he was denied due process at a Rules Infraction Board ("R.I.B.") hearing at which he was found guilty of attempting to have drugs mailed into SOCF. *Amended Complaint*, at 5. Plaintiff specifically alleges that he was "denied witnesses, evidence and documentation," without explanation, at the R.I.B. hearing. *Id.*

In Request 1, plaintiff asked for the "[c]omplete tape recordings generated during the course of [the] investigation by the charging official and used as evidence in R.I.B. Case No. 2000/1679, which shall include conversations of plaintiff to plaintiff's [friends and family members]." *Plaintiff's Second Motion to Compel*, at 2, 3. In Request 3, plaintiff sought the investigation file generated by defendants' agents Al Lewis and Dave See related to the R.I.B. hearing. *Id.*

In response to these requests, defendants provided plaintiff with a tape recording of the R.I.B. hearing and all documents actually used at the R.I.B. hearing. *Defendants' Memorandum*

*Contra*, at 1-2. Defendants objected to producing any other information that the investigators may have gathered based on relevance and on possible breach of institutional safety and security. *Id.* Defendants' objection related to relevance is well-taken and, therefore, sustained.

Inmates enjoy only limited due process rights at prison disciplinary proceedings. *Superintendent v. Hill,* 472 U.S. 445, 455-56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); *Ponte v. Real,* 471 U.S. 491, 495-99 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); *Baxter v. Palmigiano,* 425 U.S. 308, 319-323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); *Wolff v. McDonnell,* 418 U.S. 539, 564-71 (1974) (defining scope of due process application to prison disciplinary hearings); *Wolfel v. Morris,* 972 F.2d 712 (6th Cir. 1992); *Hensley v. Wilson,* 850 F.2d 269 (6th Cir. 1988); *Hudson v. Edmonson,* 848 F.2d 682 (6th Cir. 1988); *Turney v. Scroggy,* 831 F.2d 135 (6th Cir. 1987). There is no established right of an inmate to unrestricted discovery in conjunction with a disciplinary hearing.

Plaintiff contends in claim three that he was denied due process because he was denied, without explanation, the opportunity to present evidence and witnesses at certain disciplinary proceedings. Defendants have produced to plaintiff an audiotape of those proceedings and a copy of the documents actually used in those proceedings. The discovery will afford to plaintiff the evidence necessary to support or refute this claim. Thus, the additional information requested by plaintiff is simply not likely to lead to the discovery of admissible evidence.

Accordingly, plaintiff's request for an order compelling defendants to supplement their response to Requests 1 and 3 is **DENIED**.

**B. Requests 2, 4, 5, 6, 7, 9 and 11 from Plaintiff's First Request for Documents**

In Request 2, plaintiff asked for documents related to a security control investigation. *Plaintiff's Second Motion to Compel*, at 2. Without objection, defendants produced documents and a tape recording responsive to this request. *Id.* Plaintiff now argues that he did not receive all of the documents responsive to this request. *Id.* at 3.

In Requests 4, 5, 6 and 7, plaintiff asked for photographs, tape recordings and video recordings of certain incidents. *Id.* at 4-5. Defendants responded that none of the requested items exist. *Id.*

In Request 9, plaintiff asked for documents related to a use of force report prepared after a September 2002, incident in which he was involved. *Id.* at 6. Defendants produced documents and a tape recording responsive to this request. *Id.* at 6-7. Plaintiff contends that he did not receive all of the documents responsive to this request. *Id.* at 7.

In Request 11, plaintiff asked for "any and all disciplinary action taken against Defendant Evans." *Id.* Defendants responded that the question did not provide for any particular incident and that only documents related to disciplinary action taken against Defendant Evans for the September 9, 2002, are relevant to this action and that no such documents exist. *Id.* Plaintiff concedes that he is only entitled to disciplinary documents related to the events of September 9, 2002; however, he contends that he has not been given all of the documents responsive to this request. *Id.* at 7-8.

In Requests 13, 14 and 15, plaintiff asked for documents related to certain prison policies and forms. *Id.* at 8-9. Without objection, defendants provided the documents requested. *Id.* Plaintiff argues that defendants have not provided all documents responsive to this request. *Id.*

With regard to each of the above-requests, plaintiff speculates that there exist additional documents and tangible items responsive to his requests; defendants assert that all responsive documents have already been provided to plaintiff. There is no allegation by plaintiff that defendants are acting in bad faith by denying the existence of additional responsive documents. The Court simply has no reason to believe that defendants are acting in bad faith.

Thus, from the evidence before it, the Court concludes that the items and documents plaintiff asks defendants be compelled to produce simply do not exist. The Court cannot order defendants to produce documents that do not exist or to compile information in documents not already in existence in order to respond to plaintiff's discovery requests. *See Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 511 (W.D. Pa. 1983) (Rule 34 requires only that a party produce documents that are already in existence); *see also* 8A CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 2210 (2d ed. 1994) (same).

Accordingly, plaintiff's request for an order compelling defendants to supplement their responses to Requests 2, 4, 5, 6, 7, 9 and 11 is **DENIED**.

**C. Request 8 from Plaintiff's First Request for Documents**

In *Plaintiff's Second Request for Documents and Clarification*, plaintiff asks for a better quality copy of a video tape recording that defendants provided him in response to this request. *Plaintiff's Second Motion to Compel*, at 6. In addition, plaintiff contends that the video tape recording has been edited. *Id.* Defendants answer that the recording produced is the "complete video tape of the incident" and that it is the best quality available--indeed, it is of the same

quality as the recording that defendants intend to use as evidence in this case. *Defendants' Memorandum Contra*, at 3. Consequently, defendants have already appropriately responded to this request.

Accordingly, plaintiff's request for an order compelling defendants to supplement their response to Request 8 is **DENIED**.

**D. Request 10 from Plaintiff's First Request for Documents**

In the *Amended Complaint*, plaintiff alleges that Defendant Evans used excessive force on him on September 9, 2002, when he maced him. *Amended Complaint*, at 6-7. In Request 10, plaintiff asked for Defendant Evans' entire personnel file. *Plaintiff's Second Motion to Compel*, at 7. In response, defendants provided plaintiff that portion of this defendant's personnel file consisting of Defendant Evans' certification and training certificates for use of mace and/or other chemical agents that Evans was trained to use; however, defendants objected to providing the entire file based on relevance and burden. *Defendants' Memorandum Contra*, at 3. Defendants' objections are well-taken and, therefore, sustained.

Initially, the Court notes that plaintiff has not met the initial burden of showing that the personnel file is relevant. *See Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999) (the party seeking to compel information bears the burden of first demonstrating its relevance). Without this initial showing, the request reflects merely an unwarranted fishing expedition. Moreover, privacy concerns in employment files "are well-founded" since personnel files contain highly sensitive information. *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002).

Accordingly, plaintiff's request for an order compelling defendants to supplement the response to Request 10 is **DENIED**.

**E. Request 12 from Plaintiff's First Request for Documents**

In Request 12, plaintiff requested production of prison guidelines governing the use of chemical agents on inmates. *Plaintiff's Second Motion to Compel*, at 8. Defendants provided plaintiff with documents responsive to this request. *Defendants' Memorandum Contra*, at 3-4. However, plaintiff for the first time in his motion to compel asks for additional documents related to cell extractions. *Id.*; *Plaintiff's Motion to Compel*, at 8. In their opposition, defendants raise security concerns. *Id.* The Court concludes that this issue is not ripe for review.

Plaintiff cannot for the first time make a request for documents in a motion to compel. Fed. R. Civ. P. 37. First, plaintiff must in good faith confer or attempt to confer with defendants in an effort to resolve the dispute. *Id.* In this regard, the Court instructs that if this issue is not resolved extrajudicially, defendant should be prepared to support any objection based on security concerns with appropriate evidence, such as an affidavit.

Accordingly, at this juncture, plaintiff's request for an order compelling defendants to supplement their response to Request 12 is **DENIED**.

**WHEREUPON**, in light of the foregoing, *Plaintiff's Second Motion to Compel*, Doc. No. 56, is **DENIED**. Based on this conclusion, the Court finds it unnecessary to hold a telephonic conference in this matter.

March 24, 2006
Date

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge